# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| JOHN WORKMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 5:05-00899 |
| | ) |
| CHARLES T. FELTS, Warden, | ) |
| FCI Beckley, | ) |
| | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Motion for Default Judgment, (Doc. No. 8.), filed on October 2, 2006, and Respondent's Motion for Leave to File Response Out of Time (Doc. No. 9.), filed on October 12, 2006.[1] By Standing Order filed on October 11, 2005, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3.) Having fully examined the record in this case, the undersigned recommends that the District Court **DENY** Petitioner's Motion for Default Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 2005, Petitioner, acting *pro se*, and incarcerated at FCI Beckley, in Beaver, West Virginia, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Doc. No. 1.), and an Application to Proceed *in Forma Pauperis*. (Doc.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

No. 2.) Petitioner contends that the United States Parole Commission [USPC] (1) improperly and systematically denied him parole to sustain its existence, and not because he was unsuitable for parole release; (2) incorrectly scored Category E of the salient factor score; (3) failed properly to consider his superior program achievements while incarcerated; and (4) incorrectly scored Category III of the D.C. Parole Guidelines, mistakenly finding that he was involved in an attempted murder during his offense behavior. (Doc. No. 1 at 6-9.) By Orders entered August 6, 2006, the undersigned granted Petitioner's Application to Proceed *in Forma Pauperis* (Doc. No. 5.) and directed Respondent by September 8, 2006, to answer the allegations in Petitioner's Petition and to show cause, if any, why the Writ sought by Petitioner should not be granted. (Doc. No. 6.) The Order requested the Clerk of the Court to send a copy of the Court's Order to Show Cause and Petitioner's § 2241 Petition to Respondent and to the Office of the United States Attorney in Charleston, West Virginia, by certified mail. (Id.) The return receipt card was received from Respondent on August 17, 2006, indicating acceptance of service on August 14, 2006, by D. Simpson. (Doc. No. 7.) The docket in this matter does not indicate that a return receipt card was received from the Office of the United States Attorney. On October 2, 2006, Petitioner filed a Motion for Default Judgment against Respondent pursuant to Rule 55(d) of the Federal Rules of Civil Procedure. (Doc. No. 8.) Petitioner asserts that as of September 27, 2006, Respondent had not filed his Answer to Petitioner's § 2241 Petition as Ordered by the Court, and therefore, Petitioner is entitled to judgment by default. (Id.)

On October 12, 2006, Respondent filed a Response to Motion for Default and Motion for Leave for Leave to File Response Out of Time, together with a Response to Order to Show Cause. (Doc. No. 9.) In support of his Response and Motion, Respondent states that upon receipt of

Petitioner's § 2241 Petition by the Federal Bureau of Prisons, the Office of General Counsel determined that the issues in the Petitioner's § 2241 Petition would properly be addressed by the USPC, and took no further action. (Id. at ¶ 4.) Respondent further states that under such circumstances, the United States Attorney's Office would typically forward the Court's Order to Show Cause to the USPC, but that in this case, the United States Attorney's Office did not receive either the Court's Order or Petitioner's § 2241 Petition. (Id. at ¶ 5.) The United States Attorney's Office did not receive notice of Petitioner's *habeas* action until it received a copy of Petitioner's Motion for Default Judgment. (Id. at ¶ 6.) Respondent contends therefore, that the United States was not properly served with the documents in this case as required by Rule 4(I) of the Federal Rules of Civil Procedure. (Id. at ¶ 7.) Respondent further contends that entry of default judgment is not warranted in this matter because Petitioner's § 2241 Petition alone does not establish that he is entitled to relief. (Id. at ¶ 8.)

## DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Upon motion and notice to the party against whom judgment by default is sought, either the Clerk or the Court, in its discretion, may enter judgment by default. Fed. R. Civ. P. 55(b). Rule 55(b) provides as follows:

>**(b) Judgment**. Judgment by default may be entered as follows:
>
>> **(1) By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for

>that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
>**(2) By the Court**. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Furthermore, Rule 55(e) provides that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed. R. Civ. P. 55(e).

The undersigned finds that Respondent did not default by failing to respond timely to the Court's Order to Show Cause. The record reflects that at the time Petitioner filed his Motion for Default Judgment, the Office of the United States Attorney had not received copies of either the Court's Order to Show Cause or Petitioner's Petition. Respondent, as custodian of Petitioner, was properly served with the Court's Order and Petitioner's Petition. Upon receipt however, the Office of General Counsel of the Federal Bureau of Prisons disregarded the documents as they were to be addressed by the USPC. The undersigned finds Respondent's actions reasonable as the Order to Show Cause specifically requested that the Clerk send copies of the documents to the Office of the United States Attorney. Respondent therefore, may not have seen reason to contact the Office of the United States Attorney's Office to confirm receipt of the documents. In view of the foregoing facts and circumstances, neither the Office of the United States Attorney nor the USPC were provided

notice of Petitioner's claims and could not have been expected to respond to the Court's Order. The undersigned notes that by virtue of entering an Order to Show Cause, the Court was unable to determine that Claimant was entitled to relief based on his Petition alone. For this additional reason, the undersigned finds pursuant to Rule 55(e) of the Federal Rules of Civil Procedure that Petitioner is not entitled to default judgment.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Motion for Default Judgment. (Doc. No. 8.), **GRANT** Respondent's Motion for Leave for Leave to File Response Out of Time (Doc. No. 9.), and refer this matter back to the undersigned for consideration of Petitioner's § 2241 Petition and Respondent's Response.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same to counsel of record and to Petitioner, who is acting *pro se*.

DATE: August 6, 2007.

                                                                                      R. Clarke VanDervort
                                                                                      United States Magistrate Judge