IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| JOHN WORKMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action Nos. 5:05-0899 |
| | ) | |
| TODD R. CRAIG,[1] | ) | |
| Warden, FCI Beckley, | ) | |
| | ) | |
| Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On November 10, 2005, Petitioner, acting *pro se*, and formerly incarcerated at FCI Beckley, in Beaver, West Virginia, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.), and an Application to Proceed *in Forma Pauperis* (Document No. 2.).[2] As grounds for claiming entitlement to relief under Section 2241, Petitioner contends that the United States Parole Commission [USPC] (1) improperly and systematically denied him parole to sustain its existence, and not because he was unsuitable for parole release; (2) incorrectly scored Category E of the salient factor score; (3) failed to properly consider his superior program achievements while incarcerated; and (4) incorrectly scored Category III of the D.C. Parole Guidelines, mistakenly finding that he was involved in an attempted murder

---

[1] When Petitioner filed this civil action, Charles T. Felts was serving as the Warden of FCI Beckley. Todd R. Craig, however, has since been designated as the Warden. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd R. Craig is substituted as the party Respondent in this civil action.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

during his offense behavior. (Id., pp. 6 - 9.) By Orders entered August 6, 2006, the undersigned granted Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 5.), and directed Respondent to answer the allegations contained in Petitioner's Petition and to show cause, if any, why the Petition should not be granted (Document No. 6.). The Order requested the Clerk of the Court to send a copy of the Court's Order to Show Cause to Petitioner's Section 2241 Petition to Respondent and to the Office of the United States Attorney in Charleston, West Virginia, by certified mail. (Id.) The return receipt card was received from Respondent on August 17, 2006, indicating acceptance of service on August 14, 2006, by D. Simpson. (Document No. 7.) The docket sheet in this matter does not indicate that a return receipt card was received from the Office of the United States Attorney. On October 2, 2006, Petitioner filed a Motion for Default Judgment against Respondent pursuant to Rule 55(d) of the Federal Rules of Civil Procedure. (Document No. 8.) Petitioner asserted that as of September 27, 2006, Respondent had not filed his Answer to Petitioner's Section 2241 Petition as Ordered by the Court, and therefore, Petitioner is entitled to judgment by default. (Id.)

On October 12, 2006, Respondent filed a Response to the Motion for Default and Motion for Leave to File Response Out of Time, together with a Response to Order to Show Cause. (Document No. 9.) In support of his Response to the Motion for Default, Respondent stated that upon receipt of Petitioner's Section 2241 Petition by the Federal Bureau of Prisons, the Office of General Counsel determined that the issues in Petitioner's Section 2241 Petition would properly be addressed by the USPC, and took no further action. (Id., p. 2.) Respondent stated that under such circumstances, the United States Attorney's Office would typically forward the Court's Order to Show Cause to the USPC, but that in this case, the United States Attorney's Office did not receive

either the Court's Order or Petitioner's Section 2241 Petition. (Id.) Respondent further contended that entry of default judgment was not warranted in this matter because Petitioner's Section 2241 Petition alone does not establish that he is entitled to habeas relief. (Id.)

In his Response to the Order to Show Cause, Respondent argues as follows: (1) Petitioner "has produced no evidence to support his accusation that the Parole Commission denied him parole to prolong its own existence;" (2) Petitioner "has failed to show prejudice for the alleged error in salient factor scoring;" (3) Petitioner "cannot show that the Commission ignored his program achievements in making its release decision;" and (4) The Commission correctly found that Petitioner participated in an attempted murder because Petitioner was a knowing accomplice in the armed carjacking. (Document No. 9-2.) On November 8, 2006, Petitioner filed his "Response to Respondents' Order to Show Cause." (Document No. 11.) In his Response, Petitioner requests that Claims 1 and 2 be withdrawn and dismissed. (Id., p. 2.) Petitioner, however, continues to disagree with Respondent concerning Claims 3 and 4. (Id., pp. 2 - 5.) As to Claim 3, "Petitioner requests the Court to review this programming information, to ensure that the Commission considered all relevant material required prior to its consideration in rendering a decision." (Id., p. 3.) As to Claim 4, Petitioner argues that "[t]he Parole Commission's determination of severity for Petitioner's offense of robbery/aggravated assault to be scored as a crime of attempted murder, the more serious offense, which Petitioner was never charged, is arbitrary, capricious and not in keeping with the Commission's own regulations under 28 C.F.R. § 2.80." (Id., p. 4.) On August 6, 2007, the undersigned filed his Proposed Findings and Recommendation that Petitioner's Motion for Default be denied. (Document No. 12.) By Memorandum Opinion and Order entered August 28, 2007, the

District Court adopted the undersigned's Proposed Findings and Recommendation and referred the matter back to the undersigned for further proceedings. (Document No. 14.)

## FACTUAL HISTORY

On May 28, 1999, Petitioner was sentenced by the Superior Court of the District of Columbia to a 25 year, 180-day term of imprisonment for the offenses of robbery, aggravated assault, destroying property, and assault. (Document No. 9-3, p. 2.) The Federal Bureau of Prisons [BOP] determined that Petitioner had a parole eligibility date of April 30, 2006, and that his term of imprisonment would expire full term on September 10, 2023. (Id., p. 5.) Petitioner's initial parole hearing was conducted on September 28, 2005, at FCI Beckley. (Id., pp. 6 - 12.) During the parole hearing, the hearing examiner inquired as to the circumstances of Petitioner's crimes, and his record of prison conduct and program performance. (Id., pp. 9 -12.) Petitioner was allowed to explain the circumstances of his underlying conviction.[3] (Id., p. 10.) Although the hearing examiner

---

[3] The hearing examiner summarized Petitioner's statement as follows:

> The subject recounted the details of his crime. He stated that he and his co-defendant had decided to rob the victim of his Mercedes Benz. They approached the car, told the driver that they needed his help because of an emergency, and when they got into the car, the subject sat in the front passenger seat while his co-defendant sat in the rear. Shortly after driving away, the co-defendant placed a gun to the head of the victim. The subject was told to pat down the driver. When he realized the driver had in his possession a handgun, they found that the driver was a police officer. The subject stated that his co-defendant immediately pulled the trigger at the head of the police officer but the gun misfired. As they continued to drive, the police officer escaped by jumping out of his moving vehicle. The subject stated that the co-defendant shot the police officer in the back. Shortly thereafter, the police officer returned fire with his service revolver and they sped away and eventually got away. They were later apprehended. The subject stated that the co-defendant very quickly copped a plea and had offered to testify against the subject at trial. In light of these events, the subject copped a plea and was sentenced to the current sentence. The subject noted that he willingly went along with the plans to steal the car. The subject at the end of the hearing pointed out that he is very remorseful for his having

acknowledged that Petitioner "expressed genuine remorse for his involvement in a crime" and had "functioned quite adequately since his incarceration," the examiner determined that "the gravity of [Petitioner's] crime cannot be overlooked." (Id., p. 11.) The hearing examiner used the guidelines for D.C. Code offenders at 28 C.F.R. § 2.80 in evaluating whether Petitioner should be granted parole. (Id.) The hearing examiner recommended that Petitioner be denied parole and continued to a three year reconsideration hearing. (Id.) On October 19, 2005, the Parole Commissioners agreed with the hearing examiner's recommendation thereby denying parole and continuing to a three year reconsideration hearing in September, 2008. (Id., pp. 13 - 15.)

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus*

---

participated in the crime. He noted that he does not take this crime lightly at all, although he seemed to be surprised that this Examiner suggested that his crime may be viewed as an attempted murder on a police officer. The subject stated that he has tried to better himself and noted that he completed the Communication & Conflict Resolution Program (CCRP) while he was housed at the Lorton Facility. He noted also that he has participated in the Victim Impact Program and he now sees just what victims go through. He closed his comments by stating he understands the seriousness of his crime.

(Document No. 9-3, p. 10.)

proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.[4] Consequently, the Court can no longer consider Petitioner's Petition for Writ of Habeas Corpus.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction - - must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[5] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS as moot** Petitioner's Section 2241 Application (Document No. 1.), and remove this matter from the Court's docket.

---

[4] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on March 10, 2009.

[5] Petitioner requested that he be released on parole.

6

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se*.

ENTER: May 29, 2009.

R. Clarke VanDervort
United States Magistrate Judge